M'KINLEY against M'CALLA.

IN ERROR.

Philadelphia,
Monday,
July 12.

Upon an appeal from a justice of the peace, a jury may find a sum due to a greater amount than was within the jurisdiction of the justice. It does not follow from such a verdict, that the justice had no jurisdiction.

ERROR to the Common Pleas of *Philadelphia* county.

*M'Calla* the plaintiff below, brought trover before a justice of the peace, against *M'Kinley*, and obtained judgment on the 30th of *October* 1811, for thirty dollars and costs, the extent of the magistrate's jurisdiction. The defendant appealed to the Common Pleas, where a verdict was found for the plaintiff on the 3d of *February* 1813, for *thirty-two* dollars and six cents costs, upon which judgment was entered.

*Delany* fo plaintiff in error, contended that the verdict proved the sum in controversy to have been beyond the jurisdiction of the justice, as it is limited in trover by the act of 4th of *April* 1809; and cited *Moore* v. *Wait* (a) and *Owen* v. *Shelhamer* (b), to shew that this was fatal.

*E. S. Sergeant* contra, insisted that the inference from the verdict was incorrect. The cause of action was the same, and the jury merely added the interest. Unless they had authority to do this, the plaintiff must have been a sufferer by the appeal.

TILGHMAN C. J. The act of the 4th of *April* 1809 gives jurisdiction to justices of the peace in actions of trover, to the amount of thirty dollars. The error assigned is, that judgment was entered in the Common Pleas for thirty-two dollars, which exceeds the jurisdiction of a justice of the peace. It is contended, that the verdict of the jury for thirty-two dollars, is conclusive evidence that the cause of action before the justice

(a) 1 *Binn.* 219.          (b) 3 *Binn.* 45.

amounted to thirty-two dollars. But it is not so. The judgment of the justice was for a sum within his jurisdiction, and when the cause came to trial on the appeal, the jury were not obliged to give precisely the same sum that was recovered before the justice. It does not appear that any thing more has been done in this case. The cases cited by the counsel for the plaintiff in error are not applicable. They only go to shew, that the appellant cannot proceed in the Common Pleas on a *different* cause of action from that which was prosecuted before the justice. I am of opinion that the judgment should be affirmed.

YEATES J: gave no opinion, having been prevented by sickness from being present at the argument.

BRACKENRIDGE J. concurred with the Chief Justice.

Judgment affirmed.